# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **YIMY ORLANDO MUNGUIA MARTINEZ**, Petitioner, *v.* **J.L. JAMISON**, *Warden, Federal Detention Center, Philadelphia*, et al., Respondents. | **CIVIL ACTION** <br><br> **NO. 26-4011-KSM** |

## ORDER

**AND NOW**, this 16th day of June, 2026, upon consideration of Petitioner Agamenon de Franca Santos's Petition for Writ of Habeas Corpus (Doc. No. 1) and the Government's Answer (Doc. No. 4), the Court finds as follows:

1.      Petitioner, a citizen of Honduras, entered the United States in 2021 at the Mexican border.  (Doc. No. 1 at 1–2, 5.)  He has a pending asylum application, and his next immigration hearing on that application is scheduled for June 22, 2026.  (*Id.* at 5.)  He currently resides in Philadelphia, Pennsylvania with his family.  (*Id.*)  He has established community in Philadelphia and maintains steady employment as a mechanic.  (*Id.*)

2.      On June 7 or 8, 2026, officers with the Department of Homeland Security ("DHS") arrested Petitioner.  (*Id.*)  The parties' filings suggest that he has been charged with violations of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), which applies to noncitizens who are present in the United States without previously being admitted or paroled.  (*See id.* ("Upon information and belief, Respondents detained Mr. Munguia Martinez under its revised interpretation of the immigration detention statues; specifically their new view

that all noncitizens who have not been 'admitted,' 8 U.S.C. § 1101(a)(13)(A) are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)."); Doc. No. 4 at 1–2 (comparing this action to two previous matters before the Court).)  He is currently confined at the Federal Detention Center ("FDC") in Philadelphia, where he is being kept without the opportunity for a bond hearing.  (Doc. No. 1 at 5.)

3.      Petitioner claims his current detention is pursuant to a July 8, 2025, DHS policy instructing all Immigration and Customs Enforcement ("ICE") employees to consider anyone inadmissible under Section 1182(a)(6)(A)(i) subject to detention without eligibility for bond, regardless of whether they are attempting to enter the country or have been present here for years.  (*Id.* at 5–8); *see also* ICE, Interim Guidance Regarding Detention Authority for Applicants for Admission (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last accessed June 16, 2026).

4.      On June 11, 2026, Petitioner filed the instant Petition, in which he argues that habeas relief is warranted because his continued detention is in violation of the Immigration and Nationality Act ("INA"), the Administrative Procedures Act ("APA"), and the Due Process Clause of the Fifth Amendment.  (*Id.* at 13–16.)  The Government[1] opposes[2] the Petition,

---

[1] Petitioner names four government officials and two government agencies as respondents: (1) J.L. Jamison, Warden of the FDC; (2) John E. Rife, Acting Field Office Director of Enforcement and Removal Operations for ICE's Philadelphia Field Office; (3) Markwayne Mullin, Secretary of DHS; (4) Todd Blanche, Acting United States Attorney General; (5) DHS; and (6) the Executive Office of Immigration Review (collectively, the "Government").  (Doc. No. 1 at 1.)

[2] In lieu of a comprehensive response to the Petition, the Government has filed a Letter Brief "conced[ing] that this matter is legally and factually similar to recent [Section 2241] cases decided by this Court" and "incorporat[ing] the arguments made in those cases into [its] letter brief."  (Doc. No. 4 at 1.)  As such, this Order describes and discusses the Government's arguments that have been put forth in recent cases before this Court.  *See, e.g.*, *Rodrigues Pereira v. O'Neill*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025); *Gramajo De Leon v. Jamison*, No. 25-cv-7199, 2025 WL 3724604

arguing that the Court should deny habeas relief because: (1) the Court lacks jurisdiction to intervene in Petitioner's removal proceedings; (2) Petitioner has not exhausted administrative remedies; (3) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (4) his detention does not offend due process.  (*See supra* n.2.)  For the reasons discussed below, these arguments fail.  And this Court again joins the hundreds of other courts that have found DHS's mandatory detention policy violates the INA and the Due Process Clause of the Fifth Amendment in the context presented here.

5.      First, the Court has jurisdiction to consider the merits of the Petition.  As relevant here, 28 U.S.C. § 2241 authorizes federal district courts to grant writs of habeas corpus.  *See* 28 U.S.C. § 2241(c).  And although the INA limits the Court's jurisdiction over certain immigration matters, none of the provisions identified by the Government—8 U.S.C. § 1252(a), (b)(9), and (g)—strip the Court of jurisdiction in this case.  Section 1252(a)[3] does not strip the Court of jurisdiction because Petitioner is not challenging a *discretionary* decision.  *See, e.g.*, *Kashranov*, 2025 WL 3188399, at *4 (citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001)); *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025).  Section 1252(b)(9)[4] does not strip the Court of jurisdiction because the question before the Court— whether a bond hearing is required prior to detention—is "collateral to the removal process."

---

(E.D. Pa. Dec. 23, 2025); *Hussain v. O'Neill*, No. 26-cv-35, 2026 WL 66891 (E.D. Pa. Jan. 8, 2026); *Kourouma v. Jamison*, 26-cv-182, 2026 WL 120208 (E.D. Pa. Jan. 15, 2026).

[3] Section 1252(a)(2)(B)(ii) states that "[n]otwithstanding any other provision of law . . . , including section 2241 of Title 28, or any other habeas corpus provision . . . , no court shall have jurisdiction to review . . . any . . . decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General . . . ."  8 U.S.C. § 1252(a)(2)(B)(ii).

[4] Section 1252(b)(9) provides that "no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision" to review "questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States," unless review is sought of a final order.  8 U.S.C. § 1252(b)(9).

*Cantu-Cortes*, 2025 WL 3171639, at *1; *see also, e.g.*, *Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018) (plurality); *E.O.H.C. v. Secretary, U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 185–86 (3d Cir. 2020); *Khalil v. President*, 164 F.4th 259, 278 (3d Cir. 2026) (explaining that the plurality's "reading defines the proper scope of Section 1252(b)(9)").[5]  And Section 1252(g)[6] does not strip the Court of jurisdiction because Petitioner is not challenging the Government's authority to *commence* or *adjudicate* his removal proceedings.  *See Reno v. Am.-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482 (1999); *see also, e.g.*, *Demirel*, 2025 WL 3218243, at *3; *Kashranov*, 2025 WL 3188399, at *3; *Cantu-Cortes*, 2025 WL 3171639, at *1.

6.    Second, Petitioner is not required to exhaust his administration remedies because exhaustion would be futile.  *See Lyons v. U.S. Marshals*, 840 F.3d 202, 205 (3d Cir. 1988).  On September 5, 2025, the Board of Immigration Appeals ("BIA"), the appellate body of the immigration courts, issued a precedential decision adopting a broad reading of 8 U.S.C. § 1225(b)(2) and holding that an immigration judge has no authority to consider a bond request from any individual who entered the United States without admission.  *See In re Yajure Hurtado*,

---

[5] The Third Circuit's opinion in *Khalil* does not change our conclusion.  Unlike the challenge to detention in *Khalil*, Petitioner's challenge here is not "inextricably linked" to his removal proceedings. 164 F.4th at 274.  In this action, Petitioner does not argue that his confinement is unlawful because the government's removal action is itself invalid.  *Cf. id.* at 277 ("Though Khalil also challenges his detention, his arguments against it are identical to his arguments against removal.").  Nor does Petitioner challenge the Government's broader authority to detain him pending a final decision on removal.  Instead, here, he challenges the Government's authority to detain him *without a bond hearing*.  This question is not "the very issue decided through the [petition for review ("PFR")] process," nor is it capable of review once the immigration courts issue a final order on removal.  *See id.* at 276 (distinguishing two cases that "challenged only the length of confinement without a bond hearing, a claim that does not get channeled into the PFR review process"); *cf. id.* ("Because the arguments Khalil has offered to challenge the detention necessarily challenge the government's decision to commence removal proceedings, the PFR court will be able to review those legal questions once the Board enters a final order of removal." (quotation marks omitted)).

[6] Section 1252(g) states that "notwithstanding any other provision of law . . . . , including section 2241 of Title 28, or any other habeas corpus provision . . . , no court shall have jurisdiction to hear any clause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

29 I & N Dec. 216 (BIA 2025).  Because immigration judges are bound by the BIA's holding in

*Yajure Hurtado*—and therefore, *must* deny requests for bond hearings from detainees like

Petitioner—it would be futile for Petitioner to request a bond hearing before an immigration

judge and appeal the inevitable denial to the BIA before seeking review in federal court.

Accordingly, this Court joins the overwhelming number of courts who have waived the

exhaustion requirement in identical circumstances.  *See, e.g.*, *Demirel*, 2025 WL 3218243, at *4;

*Kashranov*, 2025 WL 3188399, at *4; *Cantu-Cortes*, 2025 WL 3171639, at *1.

       7.      Third, the Court finds that Petitioner is detained pursuant to 8 U.S.C. § 1226(a),[7]

not § 1225(b)(2),[8] and therefore, the Government's refusal to provide a bond hearing violates the

INA and due process.[9]  When an applicant for admission is apprehended after being present in

the United States for years, like Petitioner here, they are not "actively 'seeking admission'" at the

---

[7] Section 1226 authorizes the detention of noncitizens "pending a decision on whether the alien is to be removed from the United States." *Id.* § 1226(a).  But unlike a noncitizen detained under Section 1225, a noncitizen detained under Section 1226 may be released while they await a decision on removal. *Id.* (granting the Attorney General discretion to either detain the noncitizen *or* to release the noncitizen on bond or conditional parole).  Immigration authorities are tasked with the "initial custody determination, after which the noncitizen may request a bond hearing before an immigration judge." *Kashranov*, 2025 WL 3188399, at *1 (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)).  "At the hearing, the noncitizen 'may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community.'" *Id.* (quoting *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019)).  If released, the bond remains subject to revocation.  *See* 8 U.S.C. § 1226(b) (providing that the Attorney General may "at any time revoke" the noncitizen's "bond or parole . . . , rearrest the alien under the original warrant, and detain" them).

[8] Section 1225 governs the inspection of "applicants for admission," a phrase broadly defined as any noncitizen who is "present in the United States who has not been admitted or who arrives in the United States." *See* 8 U.S.C. § 1225(a)(1), (b)(1), (b)(2).  Section 1225(b) divides applicants into two categories. *Id.* § 1225(b).  First, Section 1225(b)(1) provides for the inspection of aliens "arriving in the United States and certain other aliens who have not been admitted or paroled." *Id.* § 1225(b)(1).  And Section 1225(b)(2) governs the "[i]nspection of other aliens," stating that "[i]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" pending a removal proceeding. *Id.* § 1225(b)(2)(A).

[9] Because the Court finds habeas relief warranted on those grounds, we do not address Petitioner's argument that his detention also violates the APA.

time of their arrest, so Section 1225(b)(2) does not govern their detention.[10]  *Demirel*, 2025 WL 3218243, at *4; *see also, e.g.*, *Kashranov*, 2025 WL 3188399, at *6; *Cantu-Cortes*, 2025 WL 3171639, at *2.  Instead, their detention is governed by Section 1226, which "grants the Attorney General discretion to detain or release a noncitizen on bond while removal proceedings are pending."  *Kashranov*, 2025 WL 3188399, at *5.  Courts have held that the right to a bond hearing is not merely statutory, but constitutional:  "When the Government detains an alien under Section 1226, the alien has due process rights, including a right to an individualized detention and a bond hearing."  *Id.*; *see also, e.g.*, *Patel v. McShane*, No. 25-cv-5975, 2025 WL 3241212, at *2 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307, at *1 (E.D. Pa. Nov. 19, 2025); *Demirel*, 2025 WL 3218243, at *5; *Cantu-Cortes*, 2025 WL 3171639, at *2.  Because ICE's mandatory detention of Petitioner without a bond hearing violates the INA and the Due Process Clause of the Fifth Amendment, habeas relief is warranted.  28 U.S.C. § 2241(c)(1), (3); *see also, e.g.*, *Kashranov*, 2025 WL 3188399, at *8.

For those reasons, it is **ORDERED** that the Petition is **GRANTED** as follows:

---

[10] This Court previously held the Fifth Circuit's February opinion in *Buenrostro-Mendez v. Bondi* does not change our interpretation of the relevant statutory language.  166 F.4th 494 (5th Cir. 2026); *see Vimos v. Federal Detention Center of Philadelphia,* No. 26-cv-780, 2026 WL 381173, at *5 n.12 (E.D. Pa. Feb. 11, 2026) (disagreeing with *Buenrostro-Mendez*).  The Eighth Circuit's March opinion in *Avila v. Bondi*, which heavily relies on the Fifth Circuit's analysis, *see* 170 F. 4th 1128, 1133–34 (8th Cir. 2026), also does not change the Court's view.  As a preliminary matter, decisions of the Fifth and Eighth Circuit are not binding on this Court, and are, at most, persuasive authority.  *See United States v. Maury*, 695 F.3d 227, 259 n.27 (3d Cir. 2012) ("Of course, the decisions of other circuits, while persuasive, are not binding on the district courts in this Circuit.").  And, as the Court explained in *Vimos*, we are not persuaded by the Fifth Circuit's reasoning.  *See* 2026 WL 381173, at *5 n.12; *see also, e.g.*, *Olimov v. Jamison*, 26-cv-532, 2026 WL 596155, at *3–4 (E.D. Pa. Mar. 3, 2026).  Instead, the Court reaffirms its prior holdings that Section 1226 governs the detention of undocumented immigrants who are present in the United States and not *actively* seeking admission.  *See generally Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25cv14065, 2026 WL 1243395 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25cv1965, 2026 WL 1283891 (6th Cir. May 11, 2026).

1.      Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

2.      The Government shall **RELEASE** Petitioner from custody immediately.  Counsel shall certify compliance with this Order by filing on the docket no later than **5:00 p.m.** on **June 16, 2026**.

3.      The Government is temporarily enjoined from re-detaining Petitioner for seven days following his release from custody.

4.      If the Government pursues re-detention of Petitioner after that seven-day period, it must first provide him with a bond hearing, at which an immigration judge shall determine whether detention is warranted pending the resolution of Petitioner's removal proceedings. Pending that bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as the proposed destination. The Court will then determine whether to grant the request and permit transfer.

5.      The Clerk of Court shall mark this matter **CLOSED** upon receipt of the certification of Government counsel discussed above.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

_____

KAREN SPENCER MARSTON, J.